1
2
3
4
5
6
7
8        IN THE UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10 VICTOR BALLESTEROS,

11       Petitioner,        No. CIV S-10-1363 JAM DAD P

12   vs.

13 GARY SWARTHOUT, Warden,

14       Respondent.      FINDINGS AND RECOMMENDATIONS

15 _____/

16      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17 corpus pursuant to 28 U.S.C. § 2254, challenging the June 10, 2009, decision of the California

18 Board of Parole Hearings ("Board" or "BPH") to deny him parole.  On June 28, 2010, the

19 undersigned ordered respondent to file a response to the petition.  On August 24, 2010,

20 respondent filed the pending motion to dismiss, arguing that petitioner has failed to properly

21 exhaust his federal habeas claims by first fairly presenting them to the highest state court.

22 Petitioner has filed an opposition to the motion.

23              **BACKGROUND**

24      On June 10, 2009, the Board conducted a parole hearing and found petitioner

25 unsuitable for release on parole.  Petitioner filed three petitions for writ of habeas corpus in state

26 /////

1    court, challenging the Board's decision.  Applying the mailbox rule, on October 14, 2009,

2    petitioner filed a petition for writ of habeas corpus in the Riverside County Superior Court.[1]  On

3    November 12, 2009, the Superior Court denied the petition.  Subsequently, petitioner filed a

4    petition for writ of habeas corpus in the California Court of Appeal.  On March 15, 2010, the

5    Court of Appeal denied that petition.  Finally, March 23, 2010, petitioner filed a petition for

6    review with the California Supreme Court.  On May 4, 2010, the California Supreme Court

7    denied review.  (Resp't's Mot. to Dismiss Exs. 1-3.)

8            On June 1, 2010, petitioner commenced this action by filing a federal petition for

9    writ of habeas corpus, presenting the following two claims:

10           I.  The BPH's decision to deny parole was not supported by any
             reliable evidence that petitioner currently poses an unreasonable
11           risk of danger to society and was arbitrary in violation of
             petitioner's right to due process of law under the Fourteenth
12           Amendment and the California Constitution.

13           II.  The application of Marsy's Law to petitioner violated the Ex
             Post Facto Clause of the State and Federal Constitutions.
14

15   (Pet. at 6.3, 6.5-6.7.)  Petitioner elaborates on each of his claims in a lengthy memorandum of

16   points and authorities submitted in support of his petition.  (Pet. Mem. of P. & A. 1-16 & Exs.)

17                            **RESPONDENT'S MOTION TO DISMISS**

18   I.  Respondent's Motion

19           Respondent has moved to dismiss the pending petition, arguing that petitioner

20   failed to exhaust his habeas claims in state court as required.  Specifically, respondent contends

21   that petitioner never raised Ground I of his federal petition in any of his state habeas petitions.

22   Respondent also contends that petitioner raises various other claims throughout his federal

23   petition that, although raised in his petitions filed in the Riverside County Superior Court and the

24   California Court of Appeal, were not presented in his petition filed with the California Supreme

25

26          [1]  See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

1   Court.  (Resp't's Mot. to Dismiss at 3-5.)

2   II.  Petitioner's Opposition

3             In opposition to respondent's motion to dismiss, petitioner argues that he

4   presented each of his claims to the California Supreme Court, thereby satisfying the exhaustion

5   requirement.  Specifically, petitioner contends that, in his petition to the California Supreme

6   Court, he claimed that the Board's decision to deny parole was arbitrary and violated the "some

7   evidence" standard of review.  Petitioner also contends that he has not raised any new claims in

8   his federal petition but rather has merely elaborated on certain facts in support of his claims.  In

9   this regard, petitioner argues that the California Supreme Court has had the opportunity to review

10   all of his contentions and deny relief as to each of them.  (Pet'r's Opp'n to Resp't's Mot. to

11   Dismiss at 3-7.)

12                                    **ANALYSIS**

13   I.  Exhaustion of State Court Remedies

14             State courts must be given the first opportunity to consider and address a state

15   prisoner's habeas corpus claims.  See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose

16   v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas

17   petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust'

18   them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir.

19   2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a

20   meaningful opportunity to consider allegations of legal error' before a federal habeas court may

21   review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).  In general,

22   a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the

23   applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. §

24   2254(b)(1).  The exhaustion requirement will not be deemed to have been waived unless the

25   state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

26   /////

                                          3

1    A petitioner satisfies the exhaustion requirement by fairly presenting to the

2 highest state court all federal claims before presenting the claims to the federal court.  See

3 Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.

4 Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).  A

5 federal claim is fairly presented if the petitioner has described the operative facts and the federal

6 legal theory upon which his claim is based.  See Wooten, 540 F.3d at 1025 ("Fair presentation

7 requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the]

8 asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004)

9 (same) (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003),

10 overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v.

11 Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20

12 F.3d 1469, 1473 (9th Cir. 1994).

13 II.  Discussion

14    In this case, the court finds that petitioner has fairly presented his federal habeas

15 claims to the California Supreme Court.  See Davis v. Silva, 511 F.3d 1005, 1011 (9th Cir. 2008)

16 (pro se state habeas petition read generously, as precedent demands, fairly presented both the

17 legal theory and operative facts to the California Supreme Court thereby satisfying exhaustion

18 requirement).  In his petition for review filed before the California Supreme Court, petitioner

19 asserted two claims.  First, he claimed:

20          I.  The Board's decision to deny parole absent a showing of current
             dangerousness was arbitrary and violated petitioner's right to due
21           process of law under the Fourteenth Amendment and the California
             Constitution.
22

23 Specifically, petitioner claimed that there was no evidence that he was a current danger to society

24 or that he posed an unreasonable risk to public safety because of his commitment offense or

25 because he recently admitted that the crime for which he was convicted was "murder for hire."

26 Petitioner also claimed that there was no probative evidence to indicate that he posed an

1   unreasonable risk to public safety because of his past criminal and substance abuse history, his

2   institutional behavior, or his past relationships.  (Resp't's Mot. to Dismiss Ex. 3.)

3            Second, petitioner claimed in his petition for review that:

4            II.  The application of Marsy's law to petitioner violated the Ex
             Post Facto Clause of the state and federal constitutions.
5

6   Specifically, petitioner argued before the California Supreme Court that the application of

7   Marsy's Law altered regulations at his parole hearing and thereby violated his rights under the Ex

8   Post Facto Clause of the state and federal constitutions.  (Resp't's Mot. to Dismiss Ex. 3.)

9            Petitioner asserts virtually identical claims in his federal petition.  In this regard,

10  having independently examined petitioner's California Supreme Court petition, this court finds

11  that the state high court had a fair opportunity to pass on each of petitioner's claims before he

12  presented them to this federal court.[2]  Accordingly, the court concludes that respondent's motion

13  to dismiss should be denied.

14                                  **CONCLUSION**

15           IT IS HEREBY RECOMMENDED that:

16           1.  Respondent's August 24, 2010 motion to dismiss (Doc. No. 11) be denied; and

17           2.  Respondent be directed to file an answer to the petition together with all

18  transcripts and other documents relevant to the issues presented in the petition within sixty days.

19  See Rule 5, Fed. R. Governing § 2254 Cases.

20           These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

22  one days after being served with these findings and recommendations, any party may file written

23

24           [2] It is true that the factual basis supporting petitioner's claims in his petition for review
     filed with the California Supreme Court appears rather thin.  However, petitioner is only required
25   to provide the state court with the operative facts "that is, 'all of the facts necessary to give
     application to the constitutional principle upon which [the petitioner] relies.'"  Davis, 511 F.3d
26   1009.  In this case, petitioner did just that.

1    objections with the court and serve a copy on all parties.  Such a document should be captioned

2    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3    shall be served and filed within fourteen days after service of the objections.  The parties are

4    advised that failure to file objections within the specified time may waive the right to appeal the

5    District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6    DATED: January 12, 2011.

7

8    _____

9    DAD:9                          DALE A. DROZD
     ball1363.157                   UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6