IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR BALLESTEROS,

          Petitioner,              No. 2:10-cv-1363 JAM DAD P

   vs.

GARY SWARTHOUT,

          Respondent.          FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing held on June 10, 2009.  He claims that the Board's decision violated the Ex Post Facto Clause and his right to due process.  The matter has been fully briefed by the parties and is submitted for decision.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied with respect to his due process claim and that his Ex Post Facto claim be dismissed without prejudice.

I.  Procedural Background

        Petitioner is confined pursuant to a 1990 judgment of conviction entered against him in the Riverside County Superior Court following his conviction on a charge of second

1

1   degree murder.  (Doc. 1 at 1.)  Pursuant to that conviction, petitioner was sentenced to fifteen

2   years to life in state prison.  (Id.)

3          The parole consideration hearing that is placed at issue by the instant federal

4   habeas petition was held on June 10, 2009.  (Doc. 1 at 64.)  Petitioner appeared at and

5   participated in the hearing.  (Id. at 66, et seq.)  Following deliberations held at the conclusion of

6   the hearing, the Board panel announced their decision to deny petitioner parole for three years

7   and the reasons for that decision.  (Id. at 142-59.)

8          Petitioner filed three petitions challenging the Board's 2009 decision and seeking

9   habeas relief in the state courts.  On October 14, 2009, petitioner filed a petition for writ of

10  habeas corpus in the Riverside County Superior Court.  (Answer, Ex. 2.)  On November 12,

11  2009, that court denied the petition.  (Doc. No. 17-13 at 53-56.)  Subsequently, petitioner filed a

12  petition for writ of habeas corpus in the California Court of Appeal for the Fourth Appellate

13  District.  (Answer, Ex. 3.)  On March 15, 2010, the state appellate court denied that petition.

14  (Doc. No. 17-13 at 61.)  Finally, on March 23, 2010, petitioner filed a petition for review with

15  the California Supreme Court.  (Answer, Ex. 4.)  On May 4, 2010, the California Supreme Court

16  denied review.  (Doc. No. 17-14 at 7.)

17         On June 1, 2010, petitioner commenced this action by filing a federal petition for

18  writ of habeas corpus, presenting the following two claims:

19         I.  The BPH's [Board's] decision to deny parole was not supported
           by any reliable evidence that petitioner currently poses an
20         unreasonable risk of danger to society and was arbitrary in
           violation of petitioner's right to due process of law under the
21         Fourteenth Amendment and the California Constitution.

22         II.  The application of Marsy's Law to petitioner violated the Ex
           Post Facto Clause of the State and Federal Constitutions.
23

24  (Doc. No. 1 at 24, 36.)

25  /////

26  /////

2

1  II.  Standards of Review Applicable to Habeas Corpus Claims

2             An application for a writ of habeas corpus by a person in custody under a

3  judgment of a state court can be granted only for violations of the Constitution or laws of the

4  United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

5  interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct.

6  13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146,

7  1149 (9th Cir. 2000).

8             Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal

9  habeas corpus relief:

10            An application for a writ of habeas corpus on behalf of a
            person in custody pursuant to the judgment of a State court shall
11            not be granted with respect to any claim that was adjudicated on
            the merits in State court proceedings unless the adjudication of the
12            claim -

13            (1) resulted in a decision that was contrary to, or involved
            an unreasonable application of, clearly established Federal law, as
14            determined by the Supreme Court of the United States; or

15            (2) resulted in a decision that was based on an unreasonable
            determination of the facts in light of the evidence presented in the
16            State court proceeding.

17            For purposes of applying § 2254(d)(1), "clearly established federal law" consists

18  of holdings of the United States Supreme Court at the time of the state court decision.  Stanley v.

19  Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

20  (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is

21  clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at

22  859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

23            A state court decision is "contrary to" clearly established federal law if it applies a

24  rule contradicting a holding of the Supreme Court or reaches a result different from Supreme

25  Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640

26  (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

3

1   grant the writ if the state court identifies the correct governing legal principle from the Supreme

2   Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1]

3   Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360

4   F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ

5   simply because that court concludes in its independent judgment that the relevant state-court

6   decision applied clearly established federal law erroneously or incorrectly.  Rather, that

7   application must also be unreasonable."  Williams, 529 U.S. at 412.  See also Schriro v.

8   Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal

9   habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

10  the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit

11  precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

12  the state court's decision."  Harrington v. Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011)

13  (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for

14  obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

15  ruling on the claim being presented in federal court was so lacking in justification that there was

16  an error well understood and comprehended in existing law beyond any possibility for fairminded

17  disagreement."  Harrington,131 S. Ct. at 786-87.

18          If the state court's decision does not meet the criteria set forth in § 2254(d), a

19  reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v.

20  Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th

21  Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

22  of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

23  considering de novo the constitutional issues raised.").

24

25          [1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be
    overturned on factual grounds unless it is "objectively unreasonable in light of the evidence

26  presented in the state court proceeding."  Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011)
    (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

The court looks to the last reasoned state court decision as the basis for the state court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Harrington, 131 S. Ct. at 784-85.  This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853.  Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief."  Harrington, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

/////

/////

1    III.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

2            The Due Process Clause of the Fourteenth Amendment prohibits state action that

3    deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

4    due process violation must first demonstrate that he was deprived of a liberty or property interest

5    protected by the Due Process Clause and then show that the procedures attendant upon the

6    deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

7    490 U.S. 454, 459-60 (1989).

8            A protected liberty interest may arise from either the Due Process Clause of the

9    United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

10   expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

11   221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

12   Constitution does not, of its own force, create a protected liberty interest in a parole date, even

13   one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

14   Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

15   person to be conditionally released before the expiration of a valid sentence.").  However, a

16   state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

17   will be granted" when or unless certain designated findings are made, and thereby gives rise to a

18   constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

19           California's parole scheme gives rise to a liberty interest in parole protected by the

20   federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

21   Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

22   Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

23   this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

24   F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that

25   California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release

26   /////

6

1   on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,

2   44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

3        In Swarthout, the Supreme Court reviewed two cases in which California

4   prisoners were denied parole - in one case by the Board, and in the other by the Governor after

5   the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that

6   when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

7   requires fair procedures, "and federal courts will review the application of those constitutionally

8   required procedures." Id. at 862. The Court concluded that in the parole context, however, "the

9   procedures required are minimal" and that the "Constitution does not require more" than "an

10  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

11  Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit

12  decisions that went beyond these minimal procedural requirements and "reviewed the state

13  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

14  light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected

15  the application of the "some evidence" standard to parole decisions by the California courts as a

16  component of the federal due process standard. Id. at 862-63. See also Pearson, 639 F.3d at

17  1191.[2]

18  IV.  Petitioner's Claims

19        A.  Due Process

20        Petitioner seeks federal habeas relief on the grounds that the Board's 2009

21  decision to deny him parole, and the findings upon which that denial was based, were not

22

23       [2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24  years the Ninth Circuit had consistently held that in order to comport with due process a state
    parole board's decision to deny parole had to be supported by "some evidence," as defined in
25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v.
    Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
    rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1  supported by "some evidence" as required under California law.  (Doc. 1 at 24-36.)  However,

2  under the Supreme Court's decision in Swarthout this court may not review whether California's

3  "some evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see

4  also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir.

5  2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility

6  decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair

7  hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640

8  F.3d 1042, 1045-46 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme

9  creates no substantive due process rights and any procedural due process requirement is met as

10  long as the state provides an inmate seeking parole with an opportunity to be heard and a

11  statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court

12  did not define the minimum process required by the Due Process Clause for denial parole under

13  the California system, it made clear that the Clause's requirements were satisfied where the

14  inmates 'were allowed to speak at their parole hearings and to contest the evidence against them,

15  were afforded access to their records in advance, and were notified as to the reasons why parole

16  was denied.'")

17        The federal habeas petition pending before the court in this case reflects that

18  petitioner was represented by counsel at his 2009 parole suitability hearing.  (Doc. 1 at 64.)  As

19  noted above, the record also establishes that at that hearing petitioner was given the opportunity

20  to be heard and received a statement of the reasons why parole was denied by the Board panel.

21  That is all the process that was due petitioner under the Constitution.  Swarthout, 131 S. Ct. 862;

22  see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1045-46; Pearson, 640 F.3d at 1191.  It

23  now plainly appears that petitioner is not entitled to relief with respect to his due process claim.

24  Accordingly, the pending petition seeking federal habeas relief should be denied with respect to

25  that claim.

26  /////

B.  Ex Post Facto Violation

Petitioner's next claim for relief is that application of the provisions of California Proposition 9, also known as Marsy's Law, at his 2009 parole hearing violated the Ex Post Facto Clause of the United States Constitution because it increased the deferral period for his next parole suitability hearing and resulted in his serving a longer prison sentence.  (Doc. 1 at 36-39.) As discussed below, the undersigned finds this claim must be dismissed because petitioner is a member of the class in Gilman v. Fisher, No. CIV S-05-830 LKK GGH (Gilman), a class action lawsuit which addresses this issue.

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law."  U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States Constitution if it:  (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed.  Collins v. Youngblood, 497 U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts."  Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)). See also Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if:  (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes.  Himes, 336 F.3d at 854.  The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime.  See Garner v. Jones, 529 U.S. 244, 259 (2000).

Petitioner was convicted and sentenced to fifteen years to life in prison in 1990, eighteen years prior to the passage of Marsy's Law in November 2008.  Marsy's Law amended California law governing parole deferral periods.  See Gilman v. Davis, 690 F. Supp.2d 1105, 1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a preliminary injunction enjoining

9

1   enforcement of Marsy's Law, to the extent it amended former California Penal Code §

2   3041.5(b)(2)(A)), rev'd sub nom. Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011).

3   Prior to the enactment of Marsy's Law, the Board deferred subsequent parole suitability hearings

4   with respect to indeterminately-sentenced inmates for one year unless the Board determined it

5   was unreasonable to expect that parole could be granted the following year.  If that determination

6   was made, the Board could then defer the inmate's subsequent parole suitability hearing for up to

7   five years.  See Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law, which applied to petitioner

8   at the time of his 2009 parole suitability hearing, amended § 3041.5(b)(2) to impose a minimum

9   deferral period for subsequent parole suitability hearings of three years, and to authorize the

10  Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years.  Id. §

11  3041.5(b)(3) (2010).

12         One of the claims presented by the plaintiffs in the class action Gilman case is that

13  the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law

14  violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant

15  risk of increasing the measure of punishment attached to the original crime."  (Gilman, Doc. No.

16  154–1 at 13 (Fourth Amended/Supplemental Complaint), Doc. No. 183 (Mar. 4, 2009 Order

17  granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.))  With

18  respect to this Ex Post Facto claim, the class in Gilman is comprised of "all California state

19  prisoners who have been sentenced to a life term with possibility of parole for an offense that

20  occurred before November 4, 2008."  (Gilman, Doc. No. 340 (Apr. 25, 2011 Order amending

21  definition of class.))  The Gilman plaintiffs seek declaratory and injunctive relief, including a

22  permanent injunction enjoining the Board from enforcing the amendments to § 3041.5(b) enacted

23  by Marsy's Law and requiring that the Board conduct a new parole consideration hearing for

24  each member of the class.  (Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint)

25  at 14.)

26  /////

1                In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal

2  Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the

3  suit.  Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the Gilman class,

4  the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2)

5  that "the party opposing the class has acted or refused to act on grounds that apply generally to

6  the class, so that final injunctive relief or corresponding declaratory relief is appropriate

7  respecting the class as a whole."  (See Gilman, Doc. No. 182 (Mar. 4, 2009 Order certifying class

8  pursuant to Fed. R. Civ. P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals

9  Memorandum affirming district court's order certifying class.))  According to the district court in

10  Gilman, the members of the class "may not maintain a separate, individual suit for equitable

11  relief involving the same subject matter of the class action."  (Gilman, Doc. No. 296 (Dec.10,

12  2010 Order) at 2; see also Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010

13  Order), Doc. No. 274 (Sept. 23, 2010 Order.))  There is no evidence before the court at this time

14  in this habeas action suggesting that petitioner has requested permission to opt out of the Gilman

15  class action lawsuit.

16                Rather, petitioner alleges he is a California state prisoner who was sentenced to a

17  life term in state prison with the possibility of parole for an offense that occurred before

18  November 4, 2008.  (Pet. at 1.)  Accepting petitioner's allegations as true, he is a member of the

19  Gilman class.  Similar to the plaintiffs in Gilman, petitioner in this habeas action alleges that

20  Marsy's Law violates the Ex Post Facto Clause because, when applied retroactively, it creates a

21  risk of increasing the length of his punishment.  Petitioner asks the court to issue a writ of habeas

22  corpus.  However, even if the court found that the Board's 2009 three-year deferral of petitioner's

23  next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle petitioner to

24  release on parole.  Because his Ex Post Facto claim concerns only the timing of petitioner's next

25  parole suitability hearing, success on that claim would not necessarily result in determinations

26  that petitioner is suitable for release from custody on parole.  Rather, petitioner's equitable relief

1   would be limited to an order directing the Board to conduct a new parole suitability hearing and

2   enjoining the Board from enforcing against petitioner any provisions of Marsy's Law found to be

3   unconstitutional.  This is the same relief petitioner would be entitled to as a member of the

4   pending Gilman class action.  (See Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental

5   Complaint) at 14.)

6          Therefore, it appears clear that petitioner's rights will be fully protected by his

7   participation as a class member in the Gilman case.  Accordingly, the court recommends that

8   petitioner's Ex Post Facto claim presented by him in this federal habeas action be dismissed

9   without prejudice to any relief that may be available to him as a member of the Gilman class.

10   See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its

11   jurisdiction when another court having jurisdiction over the same matter has entertained it and

12   can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)

13   ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison

14   conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford,

15   858 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly

16   administration of the class action and risk inconsistent adjudications."); Johnson v. Parole Board,

17   No. CV 12–3756–GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012)

18   (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without

19   prejudice in light of the ongoing Gilman class action.") (and cases cited therein), report and

20   recommendation adopted by 2012 WL 3104863 (C.D. Cal. July 25, 2012).

21   V.  Conclusion

22          Accordingly, IT IS HEREBY RECOMMENDED that:

23          1.  Federal habeas relief be denied as to petitioner's due process claim; and

24          2.  Petitioner's claim that his rights under the Ex Post Facto Clause were violated

25   by the Board's 2009 decision to defer his next parole consideration hearing for a period of three

26   /////

1  years be dismissed without prejudice to any relief that may be available to petitioner as a member

2  of the class in Gilman v. Fisher, 05-0830 LKK GGH P.

3        These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

5  days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within fourteen days after service of the objections.  Failure to file

9  objections within the specified time may waive the right to appeal the District Court's order.

10  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

11  1991).

12        In any objections he elects to file, petitioner may address whether a certificate of

13  appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

14  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

15  certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

16  Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

17  appealability to review the denial of a habeas petition challenging an administrative decision

18  such as the denial of parole by the parole board).

19  DATED: October 3, 2012.

20

21

22        DALE A. DROZD
        UNITED STATES MAGISTRATE JUDGE

23  DAD:8:
  ballesteros1363.hc

24

25

26

13